Good morning again, your honors. Jason Hitt on behalf of the United States. As we've been arguing in the related Rodriguez case, in this case the district court erred in the Sarabia grant of sentencing reduction because the defendant was ineligible given the quantities of methamphetamine, cocaine, and other drugs that were found in the PSR and adopted in the factual basis to the plea agreement. I don't want to belabor the authority. The court is obviously very engaged on the major issues in Mercado Moreno and how they alluded to in the earlier argument is that where counsel has argued Rodriguez is a close case because it's 4.8 versus 4.5, I don't think there's any dispute among the parties that Sarabia is not a close case in terms of quantity. And is that because of the factual basis for the plea or because of what happened with adoption of the PSR? I think it's both. The factual basis supports an overwhelming amount that would still be 38 now and also the very specific I have trouble with the idea that the judge adopted the drug quantity in the PSR because the discussion started as to your other argument with respect to the amount of drugs which you specifically reserved in the plea agreement. I have considered that, and I'll hear from you on that later. So and then goes on to say I'll adopt the rest, basically. I don't understand how we can say the judge adopted the drug quantity in the PSR when the discussion has that sentence about we'll talk about that later. So what he was referring to is I had reserved in this particular case the ability to argue for an upward departure within the guidelines because of the quantity of drugs being so great that it was actually ten times what was needed for a 38 at the time of sentencing. He's not talking about a dispute about the quantity. He's referring to counsel. I know you have an argument you want to make for a higher sentence. We'll get to that later. So it was a departure that was within the guidelines for an upward departure. And we're supposed to be that from ER 56? Or sorry, ER 56 is not the right page. Or maybe it is. No. 56 is the factual basis. Yeah, so sorry, the plea agreement or no, that's not it either. 28. 28? 28. Right, on 28. Thank you. So I mean, maybe what you just said is what he meant, but can we tell that? So 28 is where he says this thing about I'll consider drug quantity later. Right. So how do we know? Because as far as I could tell, he never actually did come back to it. He says we're going to come back to it, but he never did. So then I don't know what he thinks about the drug quantity. I guess it's a two step to understand the context. Sorry. With the familiarity and being in the weeds, it's hard to explain it. But if we take that phrase in paragraph 28 and look at ER 50 lines 19 through 23 of the plea agreement, that's what he's referring to. So it's ER 50 lines 19 through 23 is my argument about quantity related to sentence departures. So maybe so. I guess it's hard to know, looking at that, whether that's the only thing it could have meant. But it sounds like you're relying on this factual basis of the plea agreement anyway. Is this an argument you don't need to win or is this an argument you need to win? I think the reason I went to the factual basis was in the reply brief for the defendant's opposition brief. It focused on a part of the plea agreement. And so in response, I thought, well, if we're going to go to the plea agreement, which as Judge Berzon says is always treacherous when we go into plea agreements, like this plea agreement actually forecloses relief as well. But I think the earlier discussion we had about Mercado Moreno undisputed findings equal findings that can be relied upon, that's consistent, too, just so you're not concerned that this is different than Rule 32. What Mercado Moreno, Dillon, other authorities have said, the reason it's so restricted and the reason you can rely on undisputed portions of the PSR is the very limited nature of these 3582 proceedings. So it's consistent with that in that eligibility is just sort of a quick determination and it's either there or it's not. And when we do, you know, hundreds of stipulations that I've entered into on 3582 for the court, the core document we rely on is the PSR. So are you acknowledging that we should be concerned about using the factual basis? I think factual basis and plea agreements, as Judge Berzon knows well, I've also spent a lot of time with categorical approach. I think the Court's framework in Mercado Moreno is the best one. It doesn't really – it talks about plea agreements, but really when you get down to the core findings of Mercado Moreno, it focuses on admissions by the defendant, sentencing transcripts. My problem is that I have the same problem with the PSR and the Court's adoption of it because – or the objections. I mean, why should anybody make an objection to a PSR that says that there was 4.5 kilograms if only 1.5 kilogram matters? I think the reason is twofold. Rule 32 requires it and 2, the case law makes it clear undisputed findings are – or undisputed facts become a factual assertion. Well, I understand that, but why isn't the same perception that leads to the skepticism in the categorical approach context also applicable here? That is – I mean, if you were a defense lawyer and the PSR says, you know, you hit him with a knife – with a baseball bat and you actually hit him with a – you know, the back of an axe, you're not going to contest that because who cares? So, therefore, if it later becomes relevant, whether it was a back of an axe or a baseball bat, you know, 10 years later, are we going to accept the fact that the fact that the PSR said it was a baseball bat and the judge said, I adopt the PSR, therefore, that's the end of the story? Well, I think the reason it's different than categorical here is that you have the finality of judgments and sentencing. And Dillon and the Supreme Court have made clear 3582 is a very narrow limit. But the question is, what's final? I mean, that's the issue, is what's final? Is something final that nobody had any reason to worry about? Well, it's final, yes, because it's over and Rule 32 says if you have problems, make those problems known. Right, but you don't have a problem. I have no problem about whether it's a baseball bat or an axe because it doesn't make a difference. I don't have a problem. Because 3582 is so narrow that you can't – you can't anticipate getting a break down the road. So, Amendment 782 was a very unique, broad grant of sentence reduction. I don't think that that's something a reasonable lawyer is going to think is going to happen in perpetuity. But that's looking at it from now, but I'm looking at it from then. I understand. In terms of what we can fairly infer from what happened then. I think the answer then comes from what Mercado Moreno says you can rely on. I think that's the best answer I have. So, his – do you think his plea factual basis is clearer than Rodriguez's? It certainly has all the very specific drug quantities in it, yes. But you're – you're acknowledging that we shouldn't actually use it. I'm not saying you can't use it because Mercado Moreno used it, but it's weird how they used it. They reference it. They talk about it. But when you get down to the actual findings of Mercado Moreno, they're relying on the supplemental lab results that are provided at the 3582 proceeding and the PSR findings. So – But – so – but in Mercado Moreno, the judge did adopt the PSR findings, and if we disagree with you – I mean, I'm not sure – like, so, your opponent said we should read Mercado Moreno in the context of the judge actually did adopt the PSR there, so the fact that it's just in the PSR and objected to isn't the way we should read it. That's not what the sentences that I've read say.  Because what they say is essentially what I'm saying. The judge had – with regard to these 40 extra pounds, whatever the judge – whether the judge said I adopted or don't adopt it, he had no reason to be worrying about it. And they're – that's really what they're saying. So we're not – I mean, there seems to be a contradiction between the sentence that says, you know, it's accepted as true, and then their refusal to rely on it directly, and the reason they refuse to rely on it is because it wasn't really at issue at that point. But when looking at it through 3582 eligibility, they said we do see that 4.3, while it may not have mattered at original sentencing, it matters now, and it's what was adopted. But they didn't say, okay, fine, it's over. They still had this, as you say, supplemental proceeding where they considered both the PSR and other information. They didn't say there was a binding finding. They said there wasn't a binding finding, even though there was a general finding of accepting the PSR. Yeah, I see what you're saying. So what – they do slice it fairly thin in Mercado Moreno. They said there were a finding about distribution amounts, which got you to 4.3. Right. There was no finding made about the conspiracy amounts, I guess, or manufacturing. Well, there was no finding made, they said, inferentially, because why would there be? Yeah. Right? I understand. Yeah. Okay. Thank you very much. Good morning, Your Honors. John Balas on behalf of Osbaldo Sarabia. I would like to inform the Court that Mr. Sarabia is at the tail end of his sentence in the Community Correction Center, and he had permission to attend the Court, and so he's here today. I think that the only – as being a defense attorney for 25 years, there's oftentimes where you can make an objection to a specific point in the guidelines that makes no difference to the guideline calculations. And when you have limited time in front of the district judge, rather than bog it down, you really a lot of times are going to be arguing 3553A factors, you're going to be arguing other things, and there's – you can't – I don't think there's a lot of policy reasons not to go to the court. But the question is, what does Mercado – what does Mercado Moreno say about all this? That's the part I'm really mystified by. And – I mean, I absolutely agree that there was – this judge, this district judge here didn't want to – wasn't comfortable with the inference because he said it's not what I was doing, which makes perfect sense. But what does Mercado Moreno say about that? Well, at most, Mercado Moreno – the other distinction between Mercado Moreno was that the judge deciding the 3582 motion was a different judge than was deciding at the initial sentencing. So there was no way for that – to be able to determine what he was – what he was actually finding at the time of the initial sentencing. But here in particular, you have the same judge, both at the initial sentencing and the 3582 motion, and he specifically said, page 19 of the excerpts of record, that when I adopt the – I adopt the findings in the PSR, honestly, I use that language primarily to adopt the findings with respect to the sentencing guidelines, not with respect to every paragraph that's in the PSR. His finding in this case was that there was over 30,000 kilograms of marijuana under the drug equivalency table. He's not specifically finding. So – But isn't that parsing words? If he isn't adopting the quantity, as you just argued in the prior case, doesn't that put him in the position of, well, then it could be less than that amount, and if it's less than that amount, the defendant would fall in a different guideline range? Well, he has to find that there's at least over one point – at the time of the sentencing, 1.5 kilograms of actual methamphetamine or 30,000 kilograms of marijuana under the equivalency. He doesn't have to make the full findings, necessarily, that it gets up to 90,000 kilograms  Well, so why does it only count as to the bottom and not as to the top? Because that is kind of necessary to his finding, that's necessary when he calculates the guideline range. The district judge is saying, I find the offense level to be 38. By saying that the offense level is 38 at the time of sentence, it's necessarily required that he finds that there be at least 1.5 kilograms of actual meth or 30,000 kilograms of marijuana if there's multiple drugs involved. It doesn't necessarily mean he's finding every fact. How can he find that there's at least if he's not making a finding as to how much? Well, he could make the determination that based on what's in the pre-sentence report and the party's stipulation and agreement that there's over 1,500 kilograms of actual meth in the substance, that that is sufficient. And it's my position that if the court remands, the court should instruct the district court that it may, but it is not required to make supplemental findings and it has broad discretion in how they calculate things on remand so the court could take it in the context of the entire circumstance. What if the district judge had said, you know, the PSR says that the amount of drugs was X and I find that, in fact, it was X. Well, if he finds a specific amount, X. Earlier, he had said that originally. Then that would control, yes. So then maybe it comes down to the reading of ER 28. So the government is saying that when the judge said he was adopting the facts of the PSR, it really means the whole PSR and he wasn't reserving drug quantity for later discussion because that statement about, as to your argument with respect to the amount of drugs, we'll talk about it later, means something other than not accepting the PSR quantity. Do you agree that that's what he was reserving for later? Well, it's a little unclear. He did say he adopted the guideline calculation, adopted the present report, but I think that So he had to have adopted, as he later said, at least the finding that there was at least 1.5. Yeah. And that's my position, is that's the only thing that's really established by the record of his specific finding. And then what do we do with the factual basis for the plea? Because this one seems to me clearer than the Rodriguez one. This one is more extensive. I think my opponent actually brought out some of the problems with using the factual basis in the context here. It's also the factual basis starts out, I think that the government would prove at trial beyond a reasonable doubt. He agrees with that statement. The court still has to make an independent finding at the time of sentencing. And I don't think that that factual basis is sufficient. So it's your position that if we did remand, say, that Mr. Sarabia would not be bound by the statement, defendant specifically admits that he possessed the cocaine and meth discovered in the residence, which right above that listed quantities, it would be too much for resentencing. He wouldn't be bound by that. I think he has to, he's bound by the representations he makes initially at the time of the change of plea colloquy. And he agreed that the fact, he agreed with the factual basis, but I don't think that necessarily binds the district court. And I think then we may have additional things to look at, and it's, the overall record might be different. So you're saying that district court might decide to just not accept that factual basis, even though the defendant admitted to it? District court may decide to not make any additional findings beyond what it did initially and find that he is eligible for the reduction. Okay. Thank you. I'm sorry. Yeah. Oh, okay. Fine. Thank you very much. Thank you both. This was a helpful argument in a confusing situation. The cases of United States v. Rodriguez and United States v. Sarabia are submitted, and we'll take a short break.
judges: Berzon, Friedland, Cardone